IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPARTA INSURANCE COMPANY, as successor in interest for certain limited purposes to certain liabilities of AMERICAN EMPLOYERS INSURANCE COMPANY | Case No. |
| Plaintiff, | |
| v. | |
| JOHN REID & ASSOCIATES, INC., MICHAEL MASOKAS, MARK REID and ROBERT MELOCK | |
| Defendants. | |

**SPARTA INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff SPARTA INSURANCE COMPANY ("SPARTA") as successor in interest for certain limited purposes to certain liabilities of AMERICAN EMPLOYERS INSURANCE COMPANY ("AEIC")[1], by and through its attorneys, Weber Gallagher, and for its Complaint for Declaratory Judgment against defendants JOHN REID & ASSOCIATES, INC., MICHAEL MASOKAS, JOHN REID and ROBERT MELOCK, alleges as follows:

---

[1] It is SPARTA's position that it is a successor in interest for certain limited purposes to AEIC. In August 2007, AEIC was acquired as a clean shell by SPARTA Insurance Holdings, Inc., after which AEIC's name was changed to SPARTA. Although SPARTA has taken the position that it is not liable under AEIC policies in *Sparta Ins. Co. v. Pennsylvania General Ins. Co.*, No. 21-11205 (D. Mass.) (the "Massachusetts Litigation")), SPARTA, under a full reservation of rights, is handling claims tendered against AEIC policies, including claims tendered by policyholder John Reid & Associates, Inc. under the AEIC policies at issue. SPARTA's filing of this Complaint is not and shall not be construed as a waiver of any rights against third parties that may be liable to SPARTA for AEIC policy liabilities, including but not limited to the rights asserted in the Massachusetts Litigation.

**Nature of the Complaint**

1.      This is an Complaint for declaratory judgment and other relief pursuant to 28 U.S.C. § 2201, which has been brought to determine whether the AEIC policy has any obligation to defend or indemnify defendants JOHN REID & ASSOCIATES, INC., MICHAEL MASOKAS ("MASOKAS"), and/or JOHN REID ("REID") with respect to a Complaint alleging bodily injury filed against JOHN REID & ASSOCIATES, INC., MASOKAS and REID in the United States District Court, Northern District of Illinois, captioned *Robert Melock v. City of Waukegan, et. al.,* Case No. 24-cv-12679. A true and correct copy of that Complaint is attached hereto as Exhibit A (hereinafter, the "Underlying Complaint").

2.      SPARTA's position is that for the reasons set forth below, there is no coverage for the Underlying Complaint for JOHN REID & ASSOCIATES, INC., MASOKAS and/or REID pursuant to the terms of the two policies of insurance that AEIC issued to JOHN REID & ASSOCIATES, INC.

3.      Upon information and belief, this declaratory judgment action will resolve certain issues pertaining to whether the AEIC policy has any obligation to provide a defense to JOHN REID & ASSOCIATES, INC., MASOKAS and/or REID with respect to the Underlying Complaint, or to indemnify JOHN REID & ASSOCIATES, INC., , MASOKAS and/or REID in the event JOHN REID & ASSOCIATES, INC., MASOKAS and/or REID is or are found to have any liability in connection with the Underlying Complaint.

**The Parties**

4.      At all times herein mentioned, plaintiff SPARTA INSURANCE COMPANY is Connecticut Corporation having its principal place of business in Farmington, Connecticut.

2

5.    At all times herein mentioned, on information and belief, defendant JOHN REID & ASSOCIATES, INC. is an Illinois Corporation with its principal place of business in Illinois.

6.    At all times herein mentioned, defendant MICHAEL MASOKAS was and is a citizen of Illinois.

7.    At all times herein mentioned, defendant JOHN REID was and is a citizen of Illinois.

8.    At all times herein mentioned, defendant ROBERT MELOCK was and is a citizen of Illinois. ROBERT MELOCK is joined as a necessary party to SPARTA's action. SPARTA seeks no specific relief from or against ROBERT MELOCK. SPARTA has joined ROBERT MELOCK as a party defendant to ensure that ROBERT MELOCK is bound by the judgment rendered in this Complaint.

### Jurisdiction and Venue

9.    This court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists between SPARTA and each of the defendants, and because the amount in controversy, including the combined costs of defense and indemnity in the underlying case at issue, exceeds the sum or value of seventy-five thousand dollars ($75,000.00) exclusive of interests and costs.

10.    This court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, in relation to the dispute and controversy between the parties with respect to insurance obligations and the allegations of the Underlying Complaint.

11.    Venue is proper in this District and Court under 28 U.S.C. §1391(a). A substantial part of the events or omissions giving rise to the claim occurred in this District.

<u>Facts</u>

**The Underlying Complaint**

12.    On December 10, 2024, ROBERT MELOCK filed the Underlying Complaint seeking recovery for damages allegedly sustained as the result of a malicious prosecution and/or wrongful criminal conviction in or about 1989.

13.    The Underlying Complaint contains Twelve Causes of Action:

    a.    42 U.S.C. § 1983, "Fabricated False Confession", (Fifth and Fourteenth Amendments),

    b.    42 U.S.C. § 1983, "Due Process", (Fourteenth Amendment),

    c.    42 U.S.C. § 1983, "Malicious Prosecution and Unlawful Detention", (Fourth and Fourteenth Amendments),

    d.    42 U.S.C. § 1983. "Failure to Intervene",

    e.    42 U.S.C. § 1983, "Conspiracy to Violate Constitutional Rights",

    f.    42 U.S.C. § 1983, "Policy & Custom Claims",

    g.    State Law Claim, "Malicious Prosecution",

    h.    State Law Claim, "Intentional Infliction of Emotional Distress",

    i.    State Law Claim, "Willful and Wanton Conduct",

    j.    State Law Claim, "Civil Conspiracy",

    k.    State Law Claim, "*Respondeat Superior"*

    l.    State Law Claim, "Indemnification".

14.    All Twelve Causes of Action arise from the same alleged conduct occurring in or before 1989, including:

    a.    "Target(ing) ROBERT METLOCK Despite No Evidence Against Him",

    b.    "Coerc(ing) (a) Fabricated Confession",

4

      c.      "Coerc(ing) (a) Second Fabricated Confession",

      d.      "Fabricat(ing)" Testimony",

      e.      "Conceal(ing)" . . .Exculpatory Evidence", and

      f.      "Wrongful Conviction and Imprisonment".

**The AEIC Policy**

15.      AEIC issued an insurance policy to JOHN REID & ASSICIATES bearing Policy No. AWR 809722, effective from December 1, 2000, to December 1, 2002 ("AEIC policy"). A copy of the AEIC policy is attached hereto as Exhibit B.

16.      The Insuring Agreements of the AEIC policy provides, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.**      **INSURING AGREEMENT**

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to

5

defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   *  *  *

b. This insurance applies only to "bodily injury" and "property damage" only if:

 (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

 (2) The "bodily injury" or "property damage" occurs during the policy period.

   *  *  *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. INSURING AGREEMENT**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   *  *  *

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

   *  *  *

<u>See</u> Exhibit B.

17. The AEIC policy contains the following Exclusions to coverage:

**2. EXCLUSIONS**

This insurance does not apply to:

a.    Expected Or Intended Injury
"Bodily injury or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*    *    *

**2.    EXCLUSIONS**

This insurance does not apply to:

a.    "Personal and advertising injury":
(1)    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

*    *    *

(4)    Arising out of a criminal act committed by or at the direction of any insured.

*    *    *

See Exhibit B.

18.    The AEIC policy contains the following Definitions:

**SECTION V -- DEFINITIONS**

*    *    *

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*    *    *

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*    *    *

14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
a.    False arrest, detention or imprisonment;
b.    Malicious prosecution;
c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

7

    d.        Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

    e.        Oral or written publication of material that violates a person's right of privacy;

    f.        The use of another's advertising idea in your "advertisement"; or

    g.        Infringing upon another's copyright, trade dress or slogan in your "advertisement."

             *     *     *

17.    "Property damage" means:

    **a.**        Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**        Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

See Exhibit B.

19.    The AEIC policy contains the following Condition:

**SECTION IV -- COMMERCIAL GENERAL LIABILITY CONDITIONS**

             *     *     *

**2.    DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT**

    a.        You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.        If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)     Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c.    You and any other involved insured must:

      (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2)    Authorize us to obtain records and other information;

      (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

*    *    *

See Exhibit B.

20.    JOHN REID & ASSICIATES, INC, MASOKAS and REID tendered the Underlying Complaint to SPARTA requesting defense and indemnification under the AEIC policy.

21.    SPARTA has denied any obligation to provide JOHN REID & ASSICIATES, INC, MASOKAS and/or REID a defense or indemnification in connection with the claims made in Underlying Complaint under the AEIC policy

## COUNT I
### (NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE")

22.    SPARTA incorporates the allegations set forth within Paragraphs 1 through 21 as if fully set forth herein.

23.    The Underlying Complaint does not contain a claim for damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the AEIC policy.

24.     SPARTA thus does not owe any defense or indemnity obligations to JOHN REID & ASSICIATES, INC, MASOKAS and/or REID for the Underlying Complaint.

## COUNT II
## (NO "BODILY INJURY", "PROPERTY DAMAGE" OR "PERSONAL AND ADVERTISING INJURY" TOOK PLACE DURING THE AEIC POLICY PERIOD)

25.     SPARTA incorporates the allegations set forth within Paragraphs 1 through 21 as if fully set forth herein.

26.     The Underlying Complaint does not contain claims for damages because of "bodily injury", "property damage" and/or "personal and advertising injury" which took place during the effective policy period of the AEIC policy.

27.     Accordingly, SPARTA does not owe any defense or indemnity obligations to JOHN REID & ASSICIATES, INC, MASOKAS and/or REID for the Underlying Complaint.

## COUNT III
## (BREACH OF NOTICE CONDITION PRECLUDES COVERAGE)

28.     SPARTA incorporates the allegations set forth within Paragraphs 1 through 21 as if fully set forth herein.

29.     JOHN REID & ASSICIATES, INC, MASOKAS and/or REID failed to give reasonably timely notice of any "occurrence," offense, claim or of the Underlying Complaint as required by the AEIC policy.

30.     Accordingly, any coverage which otherwise might exist under the AEIC policy for the claims in the Underlying Complaint is forfeit.

31.     Therefore, SPARTA does not owe any defense or indemnity obligations to JOHN REID & ASSICIATES, INC, MASOKAS and/or REID for the Underlying Complaint.

## COUNT IV
### (EXPECTED OR INTENDED EXCLUSION PRECLUDES COVERAGE)

32.     SPARTA incorporates the allegations set forth within Paragraphs 1 through 21 as if fully set forth herein.

33.     Any damage alleged in the Underlying Complaint is barred from coverage by the Expected or Intended Exclusion.

34.     Accordingly, there is no coverage for JOHN REID & ASSICIATES, INC, MASOKAS and/or REID under the AEIC policy for the Underlying Complaint.

## COUNT V
### (KNOWING VIOLATION OF RIGHTS EXCLUSION PRECLUDES COVERAGE)

35.     SPARTA incorporates the allegations set forth within Paragraphs 1 through 21 as if fully set forth herein.

36.     Any damage alleged in the Underlying Complaint is barred from coverage by the Knowing Violation of Rights Exclusion.

37.     Accordingly, there is no coverage for JOHN REID & ASSICIATES, INC, MASOKAS and/or REID under the AEIC policy for the Underlying Complaint.

## COUNT VI
### (CRIMINAL ACTS EXCLUSION PRECLUDES COVERAGE)

38.     SPARTA incorporates the allegations set forth within Paragraphs 1 through 21 as if fully set forth herein.

39.     Any damage alleged in the Underlying Complaint is barred from coverage by the Criminal Acts Exclusion.

40.     Therefore, there is no coverage for JOHN REID & ASSICIATES, INC, MASOKAS and/or REID under the AEIC policy for the Underlying Complaint.

11

## <u>COUNT VII</u>
## (PUNITIVE DAMAGES AND ATTORNEYS' FEES ARE NOT COVERED)

41.     SPARTA incorporates the allegations set forth within Paragraphs 1 through 21 as if fully set forth herein.

42.     Any punitive damages or attorneys' fees sought against JOHN REID & ASSICIATES, INC, MASOKAS and/or REID in the Underlying Complaint are not covered "damages" under the AEIC policy as that term is used therein or such sums are uninsurable as a matter of public policy.

43.     Accordingly, there is no coverage for JOHN REID & ASSICIATES, INC, MASOKAS and/or REID under the AEIC policy for any punitive damages or attorneys' fees sought against them in the Underlying Complaint.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, SPARTA INSURANCE COMPANY requests entry of a declaratory judgment finding and declaring that:

A.     SPARTA INSURANCE COMPANY has no duty under the AEIC policy to defend or indemnify JOHN REID & ASSOCIATES, INC, MASOKAS and/or REID for the Underlying Complaint; and

B.     That this Court grant other and further relief as it deems proper under the evidence and circumstances.

Dated:  February 3, 2025                     Respectfully Submitted:

                                             SPARTA INSURANCE COMPANY, as successor in
                                             interest to certain liabilities of AMERICAN
                                             EMPOLYERS INSURANCE COMPANY


                                             By:    /s/ Joseph B. Royster
                                                         One of Its Attorneys

12

Joseph B. Royster, Attorney No.: 6217542
Weber Gallagher Simpson Stapleton Fires & Newby LLP
33 N. LaSalle Street, Suite 1900
Chicago, Illinois 60602
(312) 425-2501
joseph.royster@wglaw.com